**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ERIC MICHAEL BOYLAN,

Petitioner,

Case No. 2:24-cv-12515
Hon. Brandy R. McMillion

v.

ADAM DOUGLAS,

Respondent.
______________________________________/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Eric Michael Boylan ("Boylan"), confined at the Saginaw Correctional Facility in Freeland, Michigan, filed the instant Petition for a Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254 against the Saginaw Correctional Facility Warden, Adam Douglas ("Respondent"). *See* ECF No. 1. Boylan challenges his 2022 state court conviction for four counts of first-degree criminal sexual conduct under MICH. COMP. LAWS §§ 750.520b(1)(f). *Id.* at PageID.5. Boylan is currently serving a 75-115-year prison sentence. *Id.* at PageID.2. For the reasons that follow, Boylan's Petition (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

**I.**

Boylan's conviction followed a jury trial in the Shiawassee County Circuit Court. ECF No. 9, PageID.59. The charges in this case arose from Boylan's sexual assault of the 14-year-old victim, whose own father brought her to a pole barn, where Boylan took her to a motorhome located inside the barn and sexually assaulted the victim. *Id*. at PageID.62-63. The victim's mother subsequently notified the police, which led to an investigation in which the victim disclosed that Boylan had also raped her in 2018 when she was 11 years old, while Boylan and his children lived with her family. *Id.* During his interrogation, Boylan admitted to having sex with the victim after her father brought her to him but claimed that the underage victim initiated the sexual activity. *Id.* at PageID.64. At trial, Boylan denied having sex with the victim. *Id.* After the jury verdict, the trial court sentenced him to 75 to 115 years in prison. The Michigan Court of Appeals subsequently affirmed Boylan's conviction and sentence. *People v. Boylan*, No. 361292, 2023 WL 5986154 (Mich. Ct. App. Sept. 14, 2023), *lv. den.* 513 Mich. 999, 1 N.W.3d 278 (2024).

Boylan seeks a writ of habeas corpus on the following grounds: (1) "Was Mr. Boylan's sentence, while within the guidelines, disproportionate to him and his offense, and thus unreasonable? Is he entitled to resentencing before a different judge?"; and (2) "The trial court violated Mr. Boylan's due process rights by permitting the prosecutor to introduce separate allegations involving the

complaining witness, as the trial court failed to engage in the balancing test required by MRE 403 and the prejudicial effect of the other acts testimony substantially outweighed the probative value.[1] ECF No. 1, PageID.5, 7.

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amends 28 U.S.C. § 2254(d), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme

---

[1] Due to the brevity of the Petition, the Court incorporates the arguments raised in Boylan's state appellate court brief on his appeal as of right to the extent such arguments apply to the claims at issue in the Petition. *See* ECF No. 10-8, PageID.646-72; *see also Burns v. Lafler,* 328 F. Supp. 2d 711, 717, n. 2 (E.D. Mich. 2004).

Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-411.

When a petitioner sets forth a federal constitutional claim that has not been adjudicated on the merits by the state courts, the federal court has discretion to review the claim *de novo*, rather than stay the proceedings pending exhaustion of state court remedies. *See Cone v. Bell*, 556 U.S. 449, 472 (2009). However, even where *de novo* review applies, state-court factual determinations are presumed correct unless the petitioner rebuts that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *see See also Lewis v. Curtis*, 37 F. App'x 154, 158 (6th Cir. 2002)

**III.**

**A. The Disproportionate Sentencing Claim**

Boylan first argues that his sentence of 75-115 years in prison was disproportionate to the offense and the offender. ECF No. 1, PageID.5. Although the Michigan Court of Appeals considered the proportionality of Boylan's sentence

under Michigan law, it did not adjudicate whether his sentence violated any clearly established federal law interpreting the Eighth Amendment's prohibition against cruel and unusual punishment. *See People v. Boylan*, 2023 WL 5986154, at *2-3. Accordingly, to the extent Boylan's petition raises an Eighth Amendment challenge, the Court reviews that claim *de novo*, while affording the state court's underlying factual determinations the presumption of correctness required by § 2254(e)(1). Boylan's Petition acknowledges that the minimum sentence of 75 years fell within the sentencing guidelines range of 270 to 900 months; he argues that the sentence is disproportionate because the judge failed to consider his rehabilitative potential or his age when fashioning the sentence.[2] *Id.*

Boylan fails to state a claim for federal habeas relief. The United States Constitution imposes no requirements as to sentencing proportionality. In *Harmelin v. Michigan*, a plurality of the United States Supreme Court found that the Eighth Amendment does not require strict proportionality between the crime and sentence. 501 U.S. 957, 965 (1991). The Court further held that the Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime. *Id.* at 1001. Furthermore, a sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson,* 213 F.3d 298,

---

[2] Michigan's Sentencing Guidelines, unlike the federal sentencing guidelines, only provide for a minimum sentence; the maximum is determined by statute. *See e.g., Montes v. Trombley*, 599 F.3d 490, 496 (6th Cir. 2010).

302 (6th Cir. 2000). Courts reviewing Eighth Amendment proportionality claims must remain highly deferential to the legislatures in determining the appropriate punishments for crimes. *United States v. Layne*, 324 F.3d 464, 473-74 (6th Cir. 2003) (citing *Harmelin*, 501 U.S. at 999). "In implementing this 'narrow proportionality principle,' the Sixth Circuit has recognized that 'only an extreme disparity between crime and sentence offends the Eighth Amendment.'" *Cowherd v. Million*, 260 F. App'x 781, 785 (6th Cir. 2008) (quoting *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000)). As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining "the type and extent of punishment for convicted defendants." *Williams v. New York*, 337 U.S. 241, 245 (1949).

Moreover, federal courts generally do not engage in a proportionality analysis except where the sentence imposed is death or life imprisonment without parole. *See United States v. Thomas,* 49 F.3d 253, 261 (6th Cir. 1995). Successful challenges to the proportionality of a particular sentence in non-capital cases are "exceedingly rare." *Rummel v. Estelle*, 445 U.S. 263, 272 (1980).

Boylan's sentence of 75 to 115 years in prison was within the statutory limits of the offense of first-degree criminal sexual conduct. The trial judge sentenced Boylan to less than the maximum sentence of life imprisonment for the crime of first-degree criminal sexual conduct. The judge, in imposing the sentence that he

did, indicated that Boylan previously served 15 years in prison in 1997 for sexual assault against a 13-year-old girl with special needs. *People v. Boylan*, 2023 WL 5986154, at *3. Moreover, as Boylan concedes, his minimum sentence was within the sentencing guidelines range of 270 to 900 months. In Michigan, sentences within a correctly scored guidelines range are presumptively proportionate. *See Hastings v. Yukins,* 194 F. Supp. 2d 659, 673-674 (E.D. Mich. 2002) (citing *People v. Bailey*, 218 Mich. App. 645, 647; 554 N. W. 2d 391 (1996)). This Court finds that Boylan's sentence of 75 to 115 years in prison for four counts of first-degree criminal sexual conduct against a 14-year-old girl was not extreme or grossly disproportionate to the offense or to the offender, so as to entitle him to habeas relief, particularly in light of Boylan's prior conviction for sexual assault against a minor. *See United States v. Burtrum*, 21 F.4th 680, 688 (10th Cir. 2021) (imposition of mandatory life sentence, for second-offense aggravated sexual abuse of child, was not grossly disproportionate punishment such that it violated the Eighth Amendment's prohibition of cruel and unusual punishment).

In addition, the mere fact that the minimum sentence of 75 years may exceed Boylan's life expectancy does not alter this Court's analysis. In rejecting a similar claim in a direct appeal from a federal criminal conviction, the Sixth Circuit has noted that "[T]he Supreme Court has never held that a sentence to a specific term of years, even if it might turn out to be more than the reasonable life expectancy of

the defendant, constitutes cruel and unusual punishment." *United States v. Beverly,* 369 F.3d 516, 537 (6th Cir. 2004) (citing *Harmelin,* 501 U.S. at 996) (holding that a sentence of 71 ½ years, imposed on a defendant who drove a getaway car in four bank robberies and provided false identification documents, was not cruel and unusual punishment, even though the defendant had no prior record and supplied critical information to the FBI).

Finally, Boylan's claim that the trial court failed to consider his rehabilitative potential in fashioning his sentence is non-cognizable on federal habeas review. *See Grays v. Lafler,* 618 F. Supp. 2d 736, 749 (W.D. Mich. 2008). "There is no constitutional principle that prefers rehabilitation over deterrence and retribution as a goal of sentencing." *Fielding v. LeFevre*, 548 F.2d 1102, 1108 (2nd Cir. 1977); *see also United States v. Oxford*, 735 F.2d 276, 278 (7th Cir. 1984) (The Constitution does not mandate that every sentencing court consider reformation and rehabilitation of offenders when imposing sentence, and there is no constitutional requirement that sentencing court individualize sentence of each defendant). Petitioner is not entitled to habeas relief on his first claim.

**B. The Prior Bad Acts Evidence Claim**

Boylan next claims that his right to due process and a fair trial was violated by the admission into evidence of his prior sexual assault of the victim when she was eleven years old. ECF No. 1, PageID.7. Boylan argues that the court should have

excluded the evidence under M.R.E. 403 as more prejudicial than probative and that its inclusion violated his constitutional rights because the evidence was admitted solely to show his propensity to commit the charged offense.

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). "[S]tate and federal statutes and rules, not the Due Process Clause, ordinarily govern the admissibility of evidence in criminal trials." *Stewart v. Winn*, 967 F.3d 534, 538 (6th Cir. 2020) (citing *Perry v. New Hampshire*, 565 U.S. 228, 237 (2012)) (cleaned up). "Generally, state-court evidentiary rulings cannot rise to the level of due process violations unless they 'offend[] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)). Further, "[t]o show a due process violation under [the] AEDPA rooted in an evidentiary ruling, this court has typically required a Supreme Court case establishing a due process right with regard to that specific kind of evidence." *Moreland v. Bradshaw*, 699 F.3d 908, 923 (6th Cir. 2012).

To obtain habeas relief, a habeas petitioner cannot merely "pluck[] general statements out from the decisions to argue that due process bars 'fundamentally unfair' procedures.'" *Stewart v. Winn,* 967 F.3d at 539. Instead, the Supreme Court

must have confronted "the specific question presented by this case," otherwise "the state court's decision could not be 'contrary to' any holding from this Court." *Woods v. Donald*, 575 U.S. 312, 317 (2015) (per curiam) (citing *Lopez v. Smith*, 574 U.S. 6 (2014) (per curiam)). It is not enough that a habeas petitioner's case is only "similar to" a Supreme Court case. This Court, in reviewing a petitioner's state court conviction on habeas review, must take care not to frame "the issue at too high a level of generality." *Id.* at 317-318. A habeas petitioner's "reliance on the general rule that the Due Process Clause prohibits 'fundamentally unfair' procedures—without a specific Supreme Court holding covering the type of due-process error [a habeas petitioner] asserts—would allow courts to 'transform even the most imaginative extension of existing case law into 'clearly established Federal law, as determined by the Supreme Court.'" *Stewart v. Winn*, 967 F.3d at 540 (internal quotation omitted).

The testimony of the victim regarding the prior sexual assault was admitted pursuant to MICH. COMP. LAWS § 768.27(a), which provides in relevant part that if "the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant." Under Mich. Comp. Laws § 768.27a(2)(a), "listed offense" is defined as any offense that comes within the purview of the offenses covered under Section 2 of the Sex

Offenders Registration Act. *See* MICH. COMP. LAWS § 28.722. MICH. COMP. LAWS § 768.27a is similar to F.R.E. 414(a), which indicates that "[I]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant."

Boylan's claim that this evidence should have been excluded under M.R.E. 403 for being more prejudicial than probative does not entitle him to habeas relief. The Sixth Circuit found that "[t]he Supreme Court has never held (except perhaps within the capital sentencing context) that a state trial court's admission of *relevant* evidence, no matter how prejudicial, amounted to a violation of due process." *Blackmon v. Booker*, 696 F.3d 536, 551 (6th Cir. 2012). Moreover, Boylan does not offer any argument that this evidence was irrelevant.[3]

Boylan's claim that the state court violated M.R.E. 404(b) or any other provision of state law by admitting evidence of his prior sexual assault against the victim is non-cognizable on habeas review. *See Bey v. Bagley,* 500 F.3d 514, 519 (6th Cir. 2007). Additionally, the admission of this "prior bad acts" or "other acts"

[3] Respondent contends that this portion of Boylan's claim is procedurally defaulted because he failed to object to the admission of this evidence on the ground that it was more prejudicial than probative. It is unnecessary to address the procedural default issue because the claim is without merit. *See Post v. Bradshaw*, 621 F.3d 406, 426 (6th Cir. 2010) ("We need not address the procedural default issue, however, as the claim fails even under de novo review"); *Brown v. McKee*, 231 F. App'x 469, 477 (6th Cir. 2007) ("Like the district court, however, we need not consider the question of procedural default because the claim can be dismissed as meritless.").

evidence against Boylan at his state trial does not entitle him to habeas relief, because there is no clearly established Supreme Court law which holds that a state violates a habeas petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence. *See Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003); *see also Henshaw v. Berghuis*, 469 F. App'x 418, 421 (6th Cir. 2012). Moreover, in light of the fact that evidence regarding Boylan's prior sexual assault against the victim would have been admissible against him in a federal trial under F.R.E. 414, this Court certainly cannot find that the admission of this evidence at his state court trial "was patently unfair, contradicted governing Supreme Court precedent, or resulted in an incorrect and unreasonable application of federal law." *Love v. Carter*, 49 F. App'x 6, 12 (6th Cir. 2002). Boylan is not entitled to habeas relief on his second claim.

**IV.**

For the reasons explained above, the petition for writ of habeas corpus is dismissed and the Court denies a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant must show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529

U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court denies Boylan a certificate of appealability because he failed to make a substantial showing that a federal constitutional right was denied. However, although jurists of reason would not debate this Court's resolution of Boylan's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith, and he may proceed *in forma pauperis* on appeal. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

**V.**

Accordingly, the Court **DISMISSES WITH PREJUDICE** the Petition for a Writ of Habeas Corpus (ECF No. 1) and **DENIES** a certificate of appealability. Boylan is **GRANTED** leave to appeal *in forma pauperis.*

***This is a final order that closes the case*.**

Dated: October 21, 2026

s/Brandy R. McMillion
Hon. Brandy R. McMillion
United States District Judge